UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TONINO ACETO,
    Plaintiff,

v.

LINCOLN ELECTRIC COMPANY, et al.,
    Defendants.

Civil Action No. 04-12740 DPW

### ANSWER AND DEFENSES OF AIRGAS-GULF STATES, INC., A.O. SMITH CORPORATION, THE BOC GROUP, INC., F/K/A AIRCO, INC., THE ESAB GROUP, INC., EUTECTIC CORPORATION, HOBART BROTHERS COMPANY, THE LINCOLN ELECTRIC COMPANY, PRAXAIR, INC., SANDVIK, INC., TDY INDUSTRIES, INC., UNION CARBIDE CORPORATION, UNION CARBIDE CORPORATION F/K/A UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC., VIACOM, INC. AND VIACOM, INC. AS SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORP.

Defendants Airgas-Gulf States, Inc., A.O. Smith Corporation, The BOC Group, Inc., f/k/a Airco, Inc., The ESAB Group, Inc., Eutectic Corporation, Hobart Brothers Company, The Lincoln Electric Company, Praxair, Inc., Sandvik, Inc., TDY Industries, Inc., Union Carbide Corporation, Union Carbide Corporation f/k/a Union Carbide Chemicals and Plastics Company, Inc., Viacom, Inc. and Viacom, Inc. as successor by merger to CBS Corporation f/k/a Westinghouse Electric Corp. (collectively, "answering defendants"), by and through their attorneys, admit, deny and allege as follows:

1. Each answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's place of residency.

2. Defendant The Lincoln Electric Company admits the allegations in Paragraph 2.

3. Defendant Hobart Brothers Company admits the allegations in Paragraph 3.

4. Paragraph 4 is directed to a non-answering defendant and does not require a response.

5. Defendant The ESAB Group, Inc. denies the allegations in Paragraph 5.

6. Paragraph 6 is directed to a non-answering defendant and does not require a response.

7. Paragraph 7 is directed to a non-answering defendant and does not require a response.

8. Paragraph 8 is directed to a non-answering defendant and does not require a response.[1]

9. Defendant The BOC Group, Inc., f/k/a Airco, Inc. admits the allegations in Paragraph 9.

10. Defendant Praxair, Inc. admits the allegations in Paragraph 10.

11. Defendant TDY Industries, Inc. admits the allegations in Paragraph 11.

12. Defendant Viacom, Inc. admits the allegations in Paragraph 12.

13. In response to Paragraph 13, defendant Viacom, Inc. admits that it is a successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corp.

14. Paragraph 14 is directed to a non-answering defendant and does not require a response.

15. Paragraph 15 is directed to a non-answering defendant and does not require a response.

16. Defendant Union Carbide Corporation admits the allegations in Paragraph 16.

---

[1] Upon information and belief, the Ferroalloys Association is no longer in existence.

17. In response to Paragraph 17, defendant Union Carbide Corporation admits that it is a successor in interest to Union Carbide Chemicals and Plastics Company, Inc.

18. Defendant Eutectic Corporation admits the allegations in Paragraph 18.

19. Defendant A.O. Smith Corporation denies the allegations in Paragraph 19.

20. Defendant Sandvik, Inc. admits the allegations in Paragraph 20.

21. Paragraph 21 is directed to a non-answering defendant and does not require a response.

22. Paragraph 22 is directed to a non-answering defendant and does not require a response.

23. Paragraph 23 is directed to a non-answering defendant and does not require a response.

24. Paragraph 24 is directed to a non-answering defendant and does not require a response.

25. Defendant Airgas-Gulf States, Inc. admits the allegations in Paragraph 25.

26. Each answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

## CLASS ALLEGATIONS

27. Each answering defendant denies the allegations in Paragraph 27, except each answering defendant admits that plaintiff purports to bring a class action.

28. Each answering defendant denies the allegations in Paragraph 28, except each answering defendant admits that plaintiff purports to bring a class action.

## FACTS

29.  Each answering defendant denies the allegations in Paragraph 29.

30.  Each answering defendant denies the allegations in Paragraph 30, except each answering defendant admits that when used, welding consumables cause emission of fumes, which may contain manganese in a complex form with other materials.

31.  Each answering defendant denies the allegations in Paragraph 31, except each answering defendant admits that since the 1800s, manganese in certain forms and amounts has been recognized as potentially toxic to the central nervous system. Each answering defendant further denies that any form of manganese contained in any of its products caused any injury or damage to plaintiffs.

32.  Each answering defendant denies the allegations in Paragraph 32.

33.  Each answering defendant denies the allegations in Paragraph 33.

34.  Each answering defendant denies the allegations in Paragraph 34, except each answering defendant admits that welding fumes can be inhaled.

35.  Each answering defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35; accordingly, said allegations are denied.

36.  Each answering defendant denies the allegations in Paragraph 36.

37.  Each answering defendant denies the allegations in Paragraph 37.

38.  Each answering defendant denies the allegations in Paragraph 38.

39.  Each answering defendant denies the allegations in Paragraph 39.

40.  Each answering defendant denies the allegations in Paragraph 40.

41. Each answering defendant has insufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 as they pertain in part to other non-answering defendants; therefore, said allegations are denied.

42. Each answering defendant denies the allegations in Paragraph 42.

43. Each answering defendant denies the allegations in Paragraph 43.

44. Each answering defendant denies the allegations in Paragraph 44.

45. Paragraph 45 is directed to a non-answering defendant and does not require a response.

46. Paragraph 46 is directed to a non-answering defendant and does not require a response.

47. Each answering defendant denies the allegations in Paragraph 47.

48. Each answering defendant denies the allegations in Paragraph 48.

49. Each answering defendant denies the allegations in Paragraph 49 and its subparts.

50. Each answering defendant denies the allegations in Paragraph 50.

51. Each answering defendant denies the allegations in Paragraph 51

52. Each answering defendant denies the allegations in Paragraph 52.

53. Each answering defendant denies the allegations in Paragraph 53.

54. The unidentified article referenced in Paragraph 54 speaks for itself; otherwise, the allegations in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified article referenced, if there is

such an article, speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 55.

57. The allegations contained in Paragraph 56 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified "notice of claim" referenced, if there is such a "notice of claim," speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 56. Further answering, the allegations contained in Paragraph 56 are vague in that the welder and date of the alleged "notice of claim" are unidentified.

57. The allegations contained in Paragraph 57 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified technical document referenced, if there is such a technical document, speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 57.

58. The allegations contained in Paragraph 58 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified "industrial hygiene article" referenced, if there is such an article, speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 58.

59. The allegations contained in Paragraph 59 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified "literature search" referenced,

if there is such a "literature search," speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 59.

60. The allegations contained in Paragraph 60 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified "welding fume study" referenced, if there is such a "welding fume study," speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 60.

61. The allegations contained in Paragraph 61 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified notices referenced, if there are such notices, speak for themselves; otherwise, each answering defendant denies the allegations contained in Paragraph 61. Further answering, the allegations contained in Paragraph 61 are vague in that the welders and dates of the alleged notices are unidentified.

62. The allegations contained in Paragraph 62 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the "portion" of the report, if there is one, referenced in Paragraph 62 speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 62.

63. Each answering defendant denies the allegations in Paragraph 63.

64. Each answering defendant denies the allegations in Paragraph 64, except that the contents of any report or description speaks for themselves.

65. Each answering defendant denies the allegations in Paragraph 65.

66. Each answering defendant denies the allegations in Paragraph 66.

67. The allegations contained in Paragraph 67 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the unidentified report referenced, if there is such a report, speaks for itself; otherwise, each answering defendant denies the allegations contained in Paragraph 67.

68. The allegations contained in Paragraph 68 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the minutes from the AWS Research Committee and the AWS Executive Committee on Safety and Health speak for themselves; otherwise, each answering defendant denies the allegations contained in Paragraph 68.

69. The allegations contained in Paragraph 69 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant states that the "literature search" and unidentified "study in India" referred to in Paragraph 69, if they exist, speak for themselves; otherwise, each answering defendant denies the allegations contained in Paragraph 69.

70. Each answering defendant denies the allegations in Paragraph 70.

71. The allegations contained in Paragraph 71 are not directed toward any of the answering defendants. Insofar as they could be construed as directed to the answering defendants, each answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein because the chairperson is unnamed, the date is undisclosed, and the full text is not quoted; therefore, each answering defendant denies the allegations contained in Paragraph 71.

72. Each answering defendant states that the Material Safety Data Sheets referenced in Paragraph 72 speak for themselves; otherwise, each answering defendant denies the allegations contained in Paragraph 72.

73. Each answering defendant denies the allegations in Paragraph 73.

74. Each answering defendant denies the allegations in Paragraph 74.

75. Each answering defendant denies the allegations in Paragraph 75.

76. Each answering defendant denies the allegations in Paragraph 76.

77. Each answering defendant denies the allegations in Paragraph 77.

78. Each answering defendant denies the allegations in Paragraph 78.

79. Each answering defendant denies the allegations in Paragraph 79.

80. Each answering defendant denies the allegations in Paragraph 80.

81. Each answering defendant denies the allegations in Paragraph 81.

82. Each answering defendant denies the allegations in Paragraph 82.

83. Each answering defendant denies the allegations in Paragraph 83, except that the precautionary label referred to in Paragraph 83 speaks for itself.

84. Each answering defendant denies the allegations in Paragraph 84.

85. Each answering defendant denies the allegations in Paragraph 85.

86. Each answering defendant denies the allegations in Paragraph 86.

87. Each answering defendant denies the allegations in Paragraph 87.

88. Each answering defendant denies the allegations in Paragraph 88.

89. Each answering defendant denies the allegations in Paragraph 89, except that the precautionary label referred to in Paragraph 89 speaks for itself.

90. Each answering defendant denies the allegations in Paragraph 90.

91. Each answering defendant denies the allegations in Paragraph 91.

92. Each answering defendant denies the allegations in Paragraph 92.

93. Each answering defendant denies the allegations in Paragraph 93.

94. Each answering defendant denies the allegations in Paragraph 94.

95. Each answering defendant denies the allegations in Paragraph 95.

## FIRST CLAIM FOR RELIEF - NEGLIGENCE

96. Each answering defendant incorporates by reference herein its denials, admissions and allegations set forth in Paragraphs 1-95, above.

97. Each answering defendant denies the allegations in Paragraph 97.

98. Each answering defendant denies the allegations in Paragraph 98 and states that is complied with any duties required by law.

99. Each answering defendant denies the allegations in Paragraph 99 and states that is complied with any duties required by law.

100. Each answering defendant denies the allegations in Paragraph 100.

101. Each answering defendant denies the allegations in Paragraph 101.

102. Each answering defendant denies the allegations in Paragraph 102.

103. Each answering defendant denies the allegations in Paragraph 103.

104. Each answering defendant denies the allegations in Paragraph 104.

105. Each answering defendant denies the allegations in Paragraph 105.

106. Each answering defendant denies that plaintiff and the purported class members are entitled to any relief.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE – SALE OF PRODUCT

107. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-106, above.

108. Each answering defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 108; therefore, said allegations are denied.

109. Each answering defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 109; therefore, said allegations are denied.

110. Each answering defendant denies the allegations in Paragraph 110 and states that it complied with any duties required by law.

111. Each answering defendant denies the allegations in Paragraph 111 and its subparts and states that it complied with any duties required by law.

112. Each answering defendant denies the allegations in Paragraph 112.

113. Each answering defendant denies the allegations in Paragraph 113.

114. Each answering defendant denies the allegations in Paragraph 114.

115. Each answering defendant denies the allegations in Paragraph 115.

116. Each answering defendant denies the allegations in Paragraph 116.

117. Each answering defendant denies that plaintiff and the purported class members are entitled to any relief.

## THIRD CLAIM FOR RELIEF – STRICT LIABILITY –
## SALE OF UNREASONABLY DANGEROUS PRODUCT

118. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-117, above.

119. Each answering defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 119; therefore, said allegations are denied.

120. Each answering defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 120; therefore, said allegations are denied.

121. Each answering defendant denies the allegations in Paragraph 121.

122. Each answering defendant denies the allegations in Paragraph 122 and its subparts.

123. Each answering defendant denies the allegations in Paragraph 123.

124. Each answering defendant denies the allegations in Paragraph 124.

125. Each answering defendant denies the allegations in Paragraph 125.

126. Each answering defendant denies that plaintiff and the purported class members are entitled to any relief.

## DAMAGES

127. Each answering defendant denies the allegations in Paragraph 127.

## MEDICAL MONITORING

128. Each answering defendant denies the allegations in Paragraph 128.

129. Each answering defendant denies the allegations in Paragraph 129.

130. Each answering defendant denies the allegations in Paragraph 130.

131. Each answering defendant denies the allegations in Paragraph 131.

132. Each answering defendant denies the allegations in Paragraph 132, except each answering defendant admits that the amount in controversy exceeds $75,000.

133. Each answering defendant admits that plaintiffs purport to bring only state law claims in this matter.

### FOURTH CLAIM FOR RELIEF – BREACH OF EXPRESS WARRANTY

134. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-133, above.

135. Each answering defendant denies the allegations in Paragraph 135.

136. Each answering defendant denies that plaintiff is entitled to any of the relief requested in Paragraph 136, or to any relief whatsoever.

### FIFTH CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY VS. MANUFACTURERS

137. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-136, above.

138. Each answering defendant denies the allegations in Paragraph 138.

139. Each answering defendant denies the allegations in Paragraph 139.

140. Each answering defendant denies the allegations in Paragraph 140.

141. Each answering defendant denies the allegations in Paragraph 141.

142. Each answering defendant denies the allegations in Paragraph 142.

143. Each answering defendant denies the allegations in Paragraph 143. Each answering defendant denies that plaintiff is entitled to any of the relief requested in the unnumbered paragraph beginning with the word "WHEREFORE," or to any relief whatsoever.

### SIXTH CLAIM FOR RELIEF – NEGLIGENCE AND FAILURE TO WARN AGAINST MANUFACTURER DEFENDANTS

144. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-143, above.

145. Each answering defendant denies the allegations in Paragraph 145.

146. Each answering defendant denies the allegations in Paragraph 146.

147. Each answering defendant denies the allegations in Paragraph 147.

148. Each answering defendant denies the allegations in Paragraph 148 and its subparts.

149. Each answering defendant denies the allegations in Paragraph 149.

150. Each answering defendant denies the allegations in Paragraph 150.

151. Each answering defendant denies the allegations in Paragraph 151.

152. Each answering defendant denies that plaintiff is entitled to any of the relief requested in Paragraph 152, or to any relief whatsoever.

### SEVENTH CLAIM FO RELIEF – COMMON LAW FRAUD AGAINST MAKER DEFENDANTS

153. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-152, above.

154. Each answering defendant denies the allegations in Paragraph 154.

155. Each answering defendant denies the allegations in Paragraph 155.

156. Each answering defendant denies the allegations in Paragraph 156.

157. Each answering defendant denies the allegations in Paragraph 157.

158. Each answering defendant denies the allegations in Paragraph 158.

159. Each answering defendant denies the allegations in Paragraph 159 and its subparts.

160. Each answering defendant denies the allegations in Paragraph 160.

161. Each answering defendant denies the allegations in Paragraph 161.

162. Each answering defendant denies that plaintiff is entitled to any of the relief requested in Paragraph 162, or to any relief whatsoever.

## EIGHTH CLAIM FOR RELIEF – PRODUCTS LIABILITY DEFECTIVE DESIGN AGAINST DEFENDANT MANUFACTURERS, AND DISTRIBUTORS

163. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-162, above.

164. Each answering defendant denies the allegations in Paragraph 164.

165. Each answering defendant denies the allegations in Paragraph 165.

166. Each answering defendant denies the allegations in Paragraph 166.

167. Each answering defendant denies that plaintiff is entitled to any of the relief requested in Paragraph 167, or to any relief whatsoever.

## NINTH CLAIM FOR RELIEF – PUNITIVE DAMAGES INCLUDING ATTORNEYS FEES AND EXPENSES FOR VIOLATION OF 93A AND 85J OR OTHER STATE LAW

168. Each answering defendant incorporates by reference herein its denials, admissions, and allegations set forth in Paragraphs 1-167, above.

169. Each answering defendant denies the allegations in Paragraph 169.

170. Each answering defendant denies the allegations in Paragraph 170.

171. Each answering defendant denies the allegations in Paragraph 171.

172. Each answering defendant denies the allegations in Paragraph 172.

173. Each answering defendant denies the allegations in Paragraph 173.

174. Each answering defendant denies the allegations in Paragraph 174.

175. Each answering defendant denies the allegations in Paragraph 175.

176. Each answering defendant denies the allegations in Paragraph 176.

177. Each answering defendant denies the allegations in Paragraph 177.

178.   Each answering defendant denies the allegations in Paragraph 178.

179.   Each answering defendant denies that plaintiff is entitled to any of the relief requested in Paragraph 179, or to any relief whatsoever.

180.   Each answering defendant denies the allegations in Paragraph 180 and its subparts and specifically denies that this case can be maintained as a class action.

181.   Each answering defendant denies that plaintiff is entitled to any of the relief requested in the final, unnumbered paragraph beginning with the word "WHEREFORE" and its subparts, or to any relief whatsoever.

## ADDITIONAL DEFENSES

## FIRST DEFENSE

Plaintiff has failed to state a claim against any answering defendant upon which relief may be granted.

## SECOND DEFENSE

Manganese is a necessary component of steel, giving it strength and toughness. Manganese must be included in welding electrodes to properly join steel and to give the weld deposit the strength and toughness needed. Manganese cannot be eliminated from steel or welding electrodes without substantially compromising the products' usefulness. A welding electrode containing manganese is not defective as a matter of law.

## THIRD DEFENSE

The warnings provided by each answering defendant are reasonable and consistent with those promulgated by OSHA, the Federal Hazard Communication Standard, and ANSI Z49.1. The plaintiff and his employers are sophisticated users of welding electrodes who not only understand the potential fume hazard associated with welding, but the means to reduce it, *i.e.*,

ventilation and/or respiratory protection. If plaintiff or his employers did not understand the potential fume hazard of welding, or the means of reducing it, then they were negligent, and such negligence was either the sole cause or a proximate contributing cause of any injuries suffered by the plaintiff. If plaintiff or his employers knew of the potential fume hazard and the means to reduce it and did not do so, then they were negligent and/or assumed the risk of injury.

## FOURTH DEFENSE

Some or all of the plaintiff's claims may be time-barred.

## FIFTH DEFENSE

Plaintiff's failure-to-warn claim is preempted by the Federal Hazard Communication Standard and OSHA. 29 U.S.C. § 667(a), 29 C.F.R. § 1920.1200(a)(2) and 29 C.F.R. § 1910.252, *et seq.*

## SIXTH DEFENSE

Each answering defendant would show that plaintiff's exposure, if any, to the answering defendants' products was *de minimis*. Said exposure, if any, was so minimal as to be insufficient to establish that any answering defendant's product was a substantial factor in or was the proximate cause of the alleged injuries.

## SEVENTH DEFENSE

To the extent plaintiff has settled some or all of his claims against other parties or potential alleged joint tortfeasors, then each answering defendant is entitled to a credit. To the extent plaintiff has settled some or all of his claims with any answering defendant, then such answering defendant asserts accord and satisfaction and release.

## EIGHTH DEFENSE

To the extent that plaintiff was exposed to any answering defendant's products which were provide pursuant to a contract with the United States Government or otherwise provided under a contract whereby such products were to meet government or military specifications, then, the use by plaintiff of such products, if any, was in accordance with the requirements of the designs, plans and specifications of the United States Navy or other governmental entities or agencies, or others, and in strict compliance therewith and with all required federal regulations and standards. Pursuant to the government contractor defense and the Defense Production Act, each answering defendant cannot be held liable to the plaintiff for complying with the designs, plan specifications, and requirements of the United States Navy or others under national defense procurement contracts and/or other government contracts for supplying materials for such contracts in accordance with their terms.

## NINTH DEFENSE

An award of punitive damages against any answering defendant would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and applicable states constitutions. The criteria for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore not in accord with, and are antagonistic to, the protections of due process.

## TENTH DEFENSE

To the extent this plaintiff is also a plaintiff in pending actions previously filed against any answering defendant, his claims in this action should be dismissed or stayed in favor of the previously filed actions.

## ELEVENTH DEFENSE

Plaintiff does not have standing to bring his claims against any answering defendant.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRTEENTH DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

## FOURTEENTH DEFENSE

Each answering defendant reserves its right to dismiss the Complaint and seek further relief for plaintiff's failure to provide it with due process of law.

## FIFTEENTH DEFENSE

Each answering defendant gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend the Answer and Defenses to assert such defenses.

WHEREFORE, each answering defendant prays that the Court determine and adjudge:

    a)     that the Complaint be dismissed on the merits;

    b)     that plaintiff take nothing by the Complaint;

    c)     that each answering defendant be awarded it costs, disbursements, attorneys' fees, and expenses incurred herein; and

that each answering defendant be awarded such other and further relief as the Court may deem proper.

Answering defendants respectfully request trial by jury.

Dated: December 30, 2004

Respectfully submitted,

By Its Attorneys,

*/s/ Wm. Shaw McDermott*

Wm. Shaw McDermott (BBO #330860)
Gregory R. Youman (BBO #648721)
Ashley Kline Handwerk (BBO# Pending)
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

COUNSEL FOR DEFENDANTS AIRGAS-GULF STATES, INC., A.O. SMITH CORPORATION, THE BOC GROUP, INC., F/K/A AIRCO, INC., THE ESAB GROUP, INC., EUTECTIC CORPORATION, HOBART BROTHERS COMPANY, THE LINCOLN ELECTRIC COMPANY, PRAXAIR, INC., SANDVIK, INC., TDY INDUSTRIES, INC., UNION CARBIDE CORPORATION, UNION CARBIDE CORPORATION F/K/A UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC., VIACOM, INC. AND VIACOM, INC. AS SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORP.