## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TONINO ACETO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 04-12740DPW |
| | § | |
| LINCOLN ELECTRIC COMPANY, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT GENERAL ELECTRIC COMPANY

Defendant General Electric Company ("Defendant"), by and through its counsel of record, makes this Answer to Plaintiff's Class Action Complaint and respectfully responds to Plaintiff's Complaint, paragraph by paragraph, as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 1.

2-14.   Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 2 through 14.

15.    Defendant admits that it is a corporation incorporated under the laws of New York with a principal place of business in Connecticut.   Defendant denies the remaining allegations in paragraph 15.

16-26.  Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 16 through 26.

## CLASS ALLEGATIONS

27.    Defendant denies each and every allegation in paragraph 27.   Defendant specifically denies that Plaintiff has suffered any injury whatsoever as a direct proximate result of his

exposure to welding fumes. Answering further, Defendant specifically denies that that Plaintiff satisfies the requirements set forth under Rule 23 of the Federal Rules of Civil Procedure governing class actions.

28.     Defendant denies each and every allegation in paragraph 28. Defendant specifically denies that Plaintiff has suffered any injury whatsoever as a direct proximate result of his exposure to welding fumes. Answering further, Defendant specifically denies that that Plaintiff satisfies the requirements set forth under Rule 23 of the Federal Rules of Civil Procedure governing class actions.

## FACTS

29.     Defendant denies each and every allegation in paragraph 29.

30.     Defendant denies that the use all welding products "cause emissions of fumes that contain manganese" and states only that certain welding products may cause emission of fumes, some of which may contain some manganese in a complex form with other material. Defendant denies the remaining allegations in paragraph 30.

31.     Defendant states only that since the 1800's, manganese, in certain forms and amounts, has been reported as potentially toxic to the central nervous system. Further answering, Defendant denies each and every remaining allegation in paragraph 31.

32.     Defendant states only that since the 1800's, manganese, in certain forms and amounts, has been reported as potentially toxic to the central nervous system. Further answering, Defendant denies each and every remaining allegation in paragraph 32.

33.     Defendant states only that since the 1800's, manganese, in certain forms and amounts, has been reported as potentially toxic to the central nervous system. Further answering, Defendant denies each and every remaining allegation in paragraph 33.

34.    Defendant denies each and every allegation in paragraph 34.

35.    Defendant denies each and every allegation in paragraph 35.

36.    Defendant denies each and every allegation in paragraph 36.

37.    Defendant denies each and every allegation in paragraph 37.    Further answering, Defendant specifically denies that Plaintiff has suffered any injury whatsoever as a direct and proximate result of his exposure to welding fumes.

38.    Defendant denies each and every allegation in paragraph 38.    Further answering, Defendant specifically denies that Plaintiff has suffered any injury whatsoever as a direct and proximate result of his exposure to welding fumes.

39.    Defendant denies each and every allegation in paragraph 39.    Further answering, Defendant specifically denies that manganese in welding fumes presents any risk of neurological injury.

40.    Defendant denies each and every allegation in paragraph 40.    Further answering, Defendant specifically denies that manganese in welding fumes presents any hazard to Plaintiff.

41.    Insofar as the allegations in paragraph 41 apply to this Defendant, Defendant admits to the manufacture and/or sale of welding products prior to the sale of its interest in Arcrods in 1957. Defendant further admits that at all relevant times it has been a large industrial user or consumer of welding products.  Defendant denies each and every remaining allegation in paragraph 41.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 41 and therefore denies same.

42.    Insofar as the allegations in paragraph 42 apply to this Defendant, Defendant denies each and every allegation in paragraph 42.  Insofar as the allegations apply to other defendants,

3

Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 42 and therefore denies same.

43.    Insofar as the allegations in paragraph 43 apply to this Defendant, Defendant denies each and every allegation in paragraph 43. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 43 and therefore denies same.

44.    Insofar as the allegations in paragraph 44 apply to this Defendant, Defendant denies each and every allegation in paragraph 44. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 44 and therefore denies same.

45.    The allegations in paragraph 45 are not directed toward this Defendant;  therefore Defendant denies same.

46.    The allegations in paragraph 46 are not directed toward this Defendant;  therefore Defendant denies same.

47.    Insofar as the allegations in paragraph 47 apply to this Defendant, Defendant denies each and every allegation in paragraph 47. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 47 and therefore denies same.

48.    Insofar as the allegations in paragraph 48 apply to this Defendant, Defendant denies each and every allegation in paragraph 48. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 48 and therefore denies same.

49.     Insofar as the allegations in paragraph 49 apply to this Defendant, Defendant denies each and every allegation in paragraph 49, including subparagraphs A through F.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 49 and therefore denies same.

50.     Insofar as the allegations in paragraph 50 apply to this Defendant, Defendant denies each and every allegation in paragraph 50.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 50 and therefore denies same.

51.     Insofar as the allegations in paragraph 51 apply to this Defendant, Defendant denies each and every allegation in paragraph 51.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 51 and therefore denies same.

52.     Insofar as the allegations in paragraph 52 apply to this Defendant, Defendant denies each and every allegation in paragraph 52.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 52 and therefore denies same.

53.     Defendant denies each and every allegation in paragraph 53.

54.     Defendant denies that the article referenced in paragraph 54 states what is alleged in paragraph 54 and asserts that the referenced article speaks for itself.  Insofar as the remaining allegations in paragraph 54 apply to this Defendant, Defendant denies each and every remaining allegation in paragraph 54.  Insofar as the allegations apply to other defendants, Defendant is

without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 54 and therefore denies same.

55.    The allegations in paragraph 55 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 55. Further answering, Defendant denies that the booklet referenced in paragraph 55 states what is alleged in paragraph 55 and asserts that the referenced booklet speaks for itself. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 55 and therefore denies same.

56.    The allegations in paragraph 56 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 56. Further answering, Defendant asserts that the referenced "claim," if there was such a claim, speaks for itself; otherwise, Defendant denies the allegations contained in paragraph 56 on the grounds that they are vague, ambiguous, and unanswerable. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 56 and therefore denies same.

57.    The allegations in paragraph 57 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 57. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 57 and therefore denies same.

58.    The allegations in paragraph 58 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 58. Further answering, Defendant denies the allegations contained in paragraph 58 on the grounds that they are vague, ambiguous, and unanswerable; the "industrial hygiene article" is unidentified and its results are not stated. Defendant also denies that the "industrial hygiene article" referenced in paragraph 58 states what is alleged in paragraph 58 and asserts that the referenced article, if it exists, speaks for itself. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 58 and therefore denies same.

59.    The allegations in paragraph 59 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 59. Further answering, Defendant denies the allegations contained in paragraph 59 on the grounds that they are vague, ambiguous, and unanswerable; the "consultant" is unidentified and the results of the "literature search," if any, are not stated. Defendant also denies that the referenced documents state what is alleged in paragraph 59 and asserts that the referenced documents, if they exist, speak for themselves. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 59 and therefore denies same.

60.    The allegations in paragraph 60 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 60. Further answering, Defendant denies the allegations contained

in paragraph 60 on the grounds that they are vague, ambiguous, and unanswerable; the "consultant" is unidentified and the results of the "study," if any, are not stated. Defendant also denies that the referenced study states what is alleged in paragraph 60 and asserts that the referenced study, if it exists, speaks for itself. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 60 and therefore denies same.

61.     The allegations in paragraph 61 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 61. Further answering, Defendant denies the allegations contained in paragraph 61 on the grounds that they are vague, ambiguous, and unanswerable. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 61 and therefore denies same.

62-66. The allegations in paragraphs 62 through 66 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraphs 62 through 66. Further answering, Defendant denies that the "report" referenced in paragraphs 62 through 66 states what is alleged and asserts that the referenced report speaks for itself. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 62 through 66 and therefore denies same.

67.     The allegations in paragraph 67 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 67. Insofar as the allegations apply to other defendants, Defendant

is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 67 and therefore denies same.

68.    The allegations in paragraph 68 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 68. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 68 and therefore denies same.

69.    The allegations in paragraph 69 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 69. Further answering, Defendant denies the allegations contained in paragraph 69 on the grounds that they are vague, ambiguous, and unanswerable; the results of the "literature search," if any, are not stated. Defendant also denies that the document referenced in paragraph 69 states what is alleged in paragraph 69 and asserts that the referenced document, if it exists, speaks for itself. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 69 and therefore denies same.

70.    The allegations in paragraph 70 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 70. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 70 and therefore denies same.

71.    The allegations in paragraph 71 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and

every allegation in paragraph 71. Further answering, Defendant denies the allegations contained in paragraph 71 on the grounds that they are vague, ambiguous, and unanswerable; neither the speaker nor the source of the quoted remarks are identified. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 71 and therefore denies same.

72.     The allegations in paragraph 72 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 72. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 72 and therefore denies same.

73.     The allegations in paragraph 73 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 73. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 73 and therefore denies same.

74.     The allegations in paragraph 74 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 74. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 74 and therefore denies same.

75.     The allegations in paragraph 75 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 75. Further answering, Defendant denies the allegations contained

in paragraph 75 on the grounds that they are vague, ambiguous, and unanswerable; neither the publication nor its original or allegedly altered language are identified. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 75 and therefore denies same.

76. The allegations in paragraph 76 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 76. Further answering, Defendant denies the allegations contained in paragraph 76 on the grounds that they are vague, ambiguous, and unanswerable; neither the investigation nor its original or allegedly altered conclusions are identified. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 76 and therefore denies same.

77. The allegations in paragraph 77 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 77. Further answering, Defendant denies the allegations contained in paragraph 77 on the grounds that they are vague, ambiguous, and unanswerable; neither the article nor any allegedly false representations contained therein are identified. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 77 and therefore denies same.

78. The allegations in paragraph 78 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 78. Insofar as the allegations apply to other defendants, Defendant

11

is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 78 and therefore denies same.

79.    The allegations in paragraph 79 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 79.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 79 and therefore denies same.

80.    The allegations in paragraph 80 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 80.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 80 and therefore denies same.

81.    The allegations in paragraph 81 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 81.  Further answering, Defendant denies the allegations contained in paragraph 81 on the grounds that they are vague, ambiguous, and unanswerable;  neither the article nor any allegedly false representations contained therein are identified.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 81 and therefore denies same.

82.    The allegations in paragraph 82 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 82.  Further answering, Defendant denies the allegations contained

in paragraph 82 on the grounds that they are vague, ambiguous, and unanswerable; neither the article nor any allegedly false representations contained therein are identified. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 82 and therefore denies same.

83.    The allegations in paragraph 83 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 83. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 83 and therefore denies same.

84.    The allegations in paragraph 84 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 84. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 84 and therefore denies same.

85.    The allegations in paragraph 85 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 85. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 85 and therefore denies same.

86.    The allegations in paragraph 86 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 86. Insofar as the allegations apply to other defendants, Defendant

13

is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 86 and therefore denies same.

87.    The allegations in paragraph 87 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 87.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 87 and therefore denies same.

88.    The allegations in paragraph 88 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 88.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 88 and therefore denies same.

89.    The allegations in paragraph 89 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 89.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 89 and therefore denies same.

90.    The allegations in paragraph 90 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 90.  Further answering, Defendant denies the allegations contained in paragraph 90 on the grounds that they are vague, ambiguous, and unanswerable;  neither the "other AWS committees" nor the "independent consultant," if any, are identified.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient

to form a belief as to the truth or accuracy of the allegations in paragraph 90 and therefore denies same.

91.     The allegations in paragraph 91 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 91.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 91 and therefore denies same.

92.     The allegations in paragraph 92 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 92.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 92 and therefore denies same.

93.     The allegations in paragraph 93 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 93.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 93 and therefore denies same.

94.     The allegations in paragraph 94 are not directed to this Defendant.  Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 94.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 94 and therefore denies same.

95.     The allegations in paragraph 95 are not directed to this Defendant. Insofar as the allegations could be construed as directed toward this Defendant, Defendant denies each and every allegation in paragraph 95. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 95 and therefore denies same.

## FIRST CLAIM FOR RELIEF
### (Negligence)

96.     Defendant incorporates its response to each of the foregoing paragraphs as if set forth fully in response to paragraph 96.

97-106.     Defendant denies each and every allegation in paragraphs 97 through 106, insofar as they apply to this Defendant. Defendant specifically denies that it assumed, owed, or breached any duty owed to Plaintiff. Defendant specifically denies that Plaintiff has suffered any injury whatsoever as a direct and proximate result of any acts of this Defendant. Further answering, Defendant also states that the allegations in paragraphs 97 through 106 are conclusions of law and therefore denies same. Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 97 through 106 and therefore denies same.

## SECOND CLAIM FOR RELIEF
### (Negligence – Sale of Product)

107-117.     The allegations in paragraphs 107 through 117 are not directed toward this Defendant as this Defendant is not one of the "seller defendants."

## THIRD CLAIM FOR RELIEF
### (Strict Liability – Sale of Unreasonably Dangerous Product)

118-126.     The allegations in paragraphs 118 through 126 are not directed toward this Defendant as this Defendant is not one of the "seller defendants."

16

## DAMAGES

127.    Defendant denies each and every allegation in paragraph 127, insofar as they apply to this Defendant.  Defendant specifically denies that it assumed, owed, or breached any duty owed to Plaintiff.  Defendant specifically denies that Plaintiff has suffered any injury whatsoever as a direct and proximate result of any acts of this Defendant.  Further answering, Defendant also denies that Plaintiff is entitled to any judgment against it.  Insofar as the allegations apply to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 127 and therefore denies same.

## MEDICAL MONITORING

128.    Defendant denies each and every allegation in paragraph 128.

129.    Defendant denies each and every allegation in paragraph 129.

130.    Defendant denies each and every allegation in paragraph 130.

131.    Defendant denies each and every allegation in paragraph 131.

132.    Defendant denies each and every allegation in paragraph 132, except that Defendant admits that the amount in controversy exceeds $75,000.

133.    Defendant denies each and every allegation in paragraph 133.

### FOURTH CLAIM FOR RELIEF
### (Breach of Express Warranty)

134.    Defendant incorporates its response to each of the foregoing paragraphs as if set forth fully in response to paragraph 134.

135-136.    Defendant denies each and every allegation in paragraphs 135 through 136, insofar as they apply to this Defendant.  Defendant specifically denies that it made or breached any warranty made to Plaintiff.  Defendant further denies that Plaintiff is entitled to any judgment against it.

## FIFTH CLAIM FOR RELIEF
### (Breach of Implied Warranty vs. Manufacturers)

137.    Defendant incorporates its response to each of the foregoing paragraphs as if set forth fully in response to paragraph 137.

138-143.    Defendant denies each and every allegation in paragraphs 138 through 143, insofar as they apply to this Defendant. Defendant specifically denies that Plaintiff is entitled to any judgment against it.

## SIXTH CLAIM FOR RELIEF
### (Negligence and Failure to Warn Against Manufacturer Defendants)

144.    Defendant incorporates its response to each of the foregoing paragraphs as if set forth fully in response to paragraph 144.

145-152.    Defendant denies each and every allegation in paragraphs 145 through 152, insofar as they apply to this Defendant. Defendant specifically denies that Plaintiff is entitled to any judgment against it.

## SEVENTH CLAIM FOR RELIEF
### (Common Law Fraud Against Maker Defendants)

153.    Defendant incorporates its response to each of the foregoing paragraphs as if set forth fully in response to paragraph 153.

154-162.    Defendant denies each and every allegation in paragraphs 154 through 162, insofar as they apply to this Defendant. Defendant specifically denies that Plaintiff is entitled to any judgment against it.

## EIGHTH CLAIM FOR RELIEF
### (Products Liability)
### (Defective Design Against Defendant Manufacturers, and Distributors)

163.    Defendant incorporates its response to each of the foregoing paragraphs as if set forth fully in response to paragraph 163.

164-167.    Defendant denies each and every allegation in paragraphs 164 through 167, insofar as they apply to this Defendant. Defendant specifically denies that Plaintiff is entitled to any judgment against it.

## NINTH CLAIM FOR RELIEF
**(Punitive Damages Including Attorneys Fees and Expenses for Violation of 93A and 85J or Other State Law)**

168.    Defendant incorporates its response to each of the foregoing paragraphs as if set forth fully in response to paragraph 163.

169-180.    Defendant denies each and every allegation in paragraphs 169 through 180, insofar as they apply to this Defendant. Defendant specifically denies that Plaintiff is entitled to any judgment against it, and specifically denies that Massachusetts law authorizes an award of punitive damages against it under the circumstances of this case.


Defendant hereby specifically denies all of the allegations of the Complaint not hereinbefore otherwise answered.


WHEREFORE, GENERAL ELECTRIC COMPANY respectfully requests that this Court enter judgment in its favor and against Plaintiff and award it costs, expenses, and other appropriate relief. Further answering, Defendant interposes the following defenses, certain of which are pled alternatively since Plaintiff has not pled exposure to any product manufactured or sold by this Defendant.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim or cause of action against Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant objects to venue as improper.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations or preemptive/prescriptive statutes, or alternatively, by the doctrine(s) of waiver, estoppel, or laches.

## FOURTH DEFENSE

Plaintiff's fraud claims should be dismissed for failure to plead such claims with sufficient particularity as required by law.

## FIFTH DEFENSE

If Plaintiff suffered injury or damages as alleged, which is denied, the same resulted solely from acts or omissions of persons or entities for which Defendant is neither liable nor responsible, or Plaintiff's injuries are due solely, or in substantial part, to disease and other causes that are not related or connected with any conduct of or product sold, distributed, or manufactured by Defendant. Such acts or omissions on the part of others constitute an independent, intervening, and sole proximate cause of such injury or damage.

## SIXTH DEFENSE

The Plaintiff freely and voluntarily confronted an open and obvious or otherwise known and appreciated danger and thereby assumed all risks incident to his acts. Therefore, any such acts were either the sole proximate cause or a proximate contributing cause of any alleged injuries or damages suffered by the Plaintiff.

## SEVENTH DEFENSE

Plaintiff's injuries, if any, were solely and proximately caused, or were contributed to, by their own negligence or fault, and any recovery by Plaintiff must be reduced accordingly or barred completely.

## EIGHTH DEFENSE

Defendant has no liability to Plaintiff because Plaintiff's employers were sophisticated employers with the result that any duty of Defendant to warn of any danger incident to use, exposure, or installation of the products, which duty is denied, was discharged by those employers' intervening duties to give Plaintiff all require warnings. It was the duty of Plaintiff's employers, learned intermediaries, to furnish Plaintiff with a reasonably safe place within which to work, including all necessary and adequate warnings and safety appliances. If Plaintiff received any injury or suffered any damage from working with defendants' products, which is denied, the failure of Plaintiff's employers in their duty was the sole proximate cause of any such injury or damage, if any, or, in the alternative, was such an intervening cause as to relieve Defendant from any liability to Plaintiff.

## NINTH DEFENSE

Plaintiff's damages or injuries, if any, as the result of the use of any products sold or manufactured by defendants, were proximately caused by Plaintiff's or Plaintiff's employers' misuse of the products.

## TENTH DEFENSE

The doctrines of payment, release and accord, and satisfaction, where applicable, bar the recovery sought by Plaintiff against Defendant.

## ELEVENTH DEFENSE

Defendant invokes the state-of-the-art defense, in that any product manufactured, sold, or supplied by Defendant was not defective or unreasonably dangerous in that it complied with, at all relevant times, all applicable government and/or industry safety standards.

## TWELFTH DEFENSE

There should be no recovery because, upon information and belief, Plaintiff failed to mitigate their damages, if any, as required by law.

## THIRTEENTH DEFENSE

There should be no recovery of punitive damages against this Defendant because such a recovery would violate the Tenth Amendment to the Constitution of the United States and other applicable rights under state constitutions.

## FOURTEENTH DEFENSE

An award of punitive damages against this Defendant in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States and other applicable rights under state constitutions.

## FIFTEENTH DEFENSE

An award of punitive damages against this Defendant in this case would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States and other applicable rights under state constitutions.

## SIXTEENTH DEFENSE

A damage award based on conspiracy constitutes a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States

and other applicable rights under state constitutions.

## SEVENTEENTH DEFENSE

Upon information and belief, the Complaint fails to name indispensable parties and, therefore, must be dismissed. Alternatively, this civil action should be stayed pending other appropriate relief by the Court.

## EIGHTEENTH DEFENSE

There should be no recovery against Defendant based upon a failure to warn or inadequacy of warning because, upon information and belief, at all times pertinent to Plaintiff's claims, said Plaintiff was possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and/or Plaintiff was required to follow specific written safety procedures as established by Plaintiff's employers which negated the need or requirement for any such warning.

## NINETEENTH DEFENSE

There should be no recovery against Defendant because the exposure of Plaintiff to Defendant's products, if any, was *de minimus*. If it is shown at the time of trial that Plaintiff were exposed to any product of this Defendant, said exposure was so minimal as to be insufficient to establish to a reasonable degree of probability that Defendant's product substantially factored in or was the proximate cause of the alleged injuries.

## TWENTIETH DEFENSE

To the extent that Plaintiff has filed an action in any other Court against some or all of these same defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

### TWENTY-FIRST DEFENSE

The products in issue were changed, altered, or modified after they left Defendant's control and such change, alteration, or modification was the legal cause of Plaintiff's damages, if any.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are preempted by the regulations of the Occupational Safety and Health Administration and other applicable federal laws.

### TWENTY-THIRD DEFENSE

If Plaintiff used any of Defendant's products, which is denied, on information and belief, such products were used for a purpose, in a manner or in an activity contrary to express adequate instructions or warnings appearing on or attached to the products or on their original containers or wrappers. Alternatively, the absence of warnings on any products sold by Defendant did not make such products defective and unreasonably dangerous, nor did it lead to reliance by Plaintiff or Plaintiff's employers on the safety of any such products.

### TWENTY-FOURTH DEFENSE

If it be proved that Defendant furnished any products to the employers of Plaintiff, to which Plaintiff was injuriously exposed, then any such products were furnished in strict conformity to the specifications furnished by such employers.

### TWENTY-FIFTH DEFENSE

To the extent Plaintiff has settled some or all of his claims against other parties or potential joint tortfeasors, Defendant is entitled to a settlement credit.

### TWENTY-SIXTH DEFENSE

No duty to warn or notify Plaintiff of any danger from exposure to Defendant's products

24

has ever devolved upon Defendant; nevertheless, any delay by Defendant in notification or warning to Plaintiff of such danger which is claimed to have been required (and Defendant denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of Plaintiff against Defendant.   There is no proximate causal relationship between any delay in notification or warning to Plaintiff and his subsequent alleged condition.

### TWENTY-SEVENTH DEFENSE

At all times material hereto, the state of the medical and industrial art was such that there was no generally accepted or recognized knowledge of any unavoidable unsafe, inherently dangerous, hazardous, or defective character or nature of the manganese products allegedly at issue when used in the manner and for the purposes intended, so that there was no duty by Defendant to know of such character or nature, or to warn Plaintiff.

### TWENTY-EIGHTH DEFENSE

The Complaint should be dismissed based on a misjoinder of parties and or claims.

### TWENTY-NINTH DEFENSE

Defendant has a right pursuant to the First Amendment of the United States to present its views regarding standards in the welding industry and consequently, it cannot be held liable, acting individually or as a member of an organization, as a result of presenting its views to governmental entities charged with the responsibility of regulating its products.

### THIRTIETH DEFENSE

In the event that Plaintiff alleges that he were exposed to any of Defendant's products that were provided pursuant to a contract with the United States Government or otherwise provided under a contract whereby such products were to meet government or military specifications, then the use by Plaintiff of Defendant's products, if any, was in accordance with

25

the requirements of the designs, plans, and specifications of the United States Navy or other governmental entities or agencies or others and in strict compliance therewith and with all required federal regulations and standards. Defendant cannot be held liable to the Plaintiff for complying with the designs, plans, specifications, and requirements of the United States Navy or others under national defense procurement contracts and/or other government contracts for supplying materials for such contracts in accordance with their terms. Defendant specifically pleads the government contractor defense.

## THIRTY-FIRST DEFENSE

Defendant adopts and incorporates any and all other defenses raised by any other defendant in this litigation to the extent that said defenses are not inconsistent with this Defendant's assertion that it is not liable to Plaintiff for any amount whatsoever.

## THIRTY-SECOND DEFENSE

Defendant reserves the right to amend its answer and defenses after investigation, discovery, and further information is disclosed to Defendant to enable it to properly answer the Complaint and defend the claims asserted therein. Defendant further will rely upon any law that is available to it after the completion of discovery and investigation of this cause.

26

Defendant demands a trial by jury.

Dated:  January 5, 2005

Respectfully submitted,

By:  *Erica H. Wilson/mw*
     Erica H. Wilson

Rebecca A. Womeldorf
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Ninth Floor
Washington, DC 20005
(202) 898-5800 (phone)
(202) 682-1639 (facsimile)

Mass. Bar No. 641831
75 Sam Fonzo Drive
Beverly, Massachusetts  01915
(978) 524-5496 (phone)
(978) 236-5496 (facsimile)

*Counsel for Defendant General Electric
Company*

27

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2005, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant General Electric Company has been served upon all known counsel of record by first-class mail, postage prepaid, to:

Robert J. Bonsignore, Esq.
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
(781) 391-9400
*Counsel for Plaintiff*

Wm. Shaw McDermott
Gregory Youman
Ashley Handwerk
KIRKPATRICK & LOCKHART, L.L.P.
75 State Street
Boston, MA 02109
(617) 261-3256
(617) 261-3100 (fax)
*Counsel for Defendants The Lincoln Electric Company; Hobart Brothers, Company; The ESAB Group, Inc.; Airgas-Gulf States, Inc.; A.O. Smith Corporation; The BOC Group, Inc., f/k/a Airco, Inc.; Eutectic Corporation; Praxair, Inc.; Sandvik, Inc.; TDY Industries, Inc.; Union Carbide Corporation; Union Carbide Corporation f/k/a Union Carbide Chemicals and Plastics Company, Inc.; Viacom, Inc.; and Viacom, Inc. as successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation*

Alan W. Brothers, Esq.
BROTHERS & THOMPSON, P.C.
100 West Monroe Street, Suite 1700
Chicago, IL 60603
*Counsel for Defendants Illinois Tool Works, Inc., and Miller Electric Manufacturing Co.*

Brian P. Voke, Esq.
Anthony Sbarra, Esq.
CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C.
One Constitution Center, Third Floor
Boston, MA 02129
*Counsel for Defendant Select-Arc, Inc.*

28

Michael B. DeSanctis, Esq.
David A. Hanelzo, Esq.
JENNER & BLOCK
601 Thirteenth Street, NW, 12th Floor
Washington, DC 20005
*Counsel for Defendant the National Electric Manufacturers Association*

Daniel Bukovac, Esq.
Leonard J. Johnson, Esq.
STINSON MORRISON HECKER LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
*Counsel for Defendant Deloro Stellite Co., Inc.*

Richard P. Campbell, Esq.
Kurt B. Gerstner, Esq.
CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C.
One Constitution Center, Third Floor
Boston, MA 02129
*Counsel for Defendant Caterpillar, Inc.*

John J. Haggerty, Esq.
ULMER & BERNE, LLP
1300 East Ninth Street, Suite 900
Cleveland, OH 44114
*Counsel for J.W. Harris Co., Inc.*

David M. Ott, Esq.
BRYAN NELSON RANDOLPH
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
*Counsel for Defendant Industrial Welding Supplies of Hattiesburg, Inc.*

Todd R. Eskelsen, Esq.
SONNENSCHEIN, NATH & ROSENTHAL
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
*Counsel for Defendant Ferroalloys Association*

By: _____
Rebecca A. Womeldorf
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Ninth Floor
Washington, DC 20005
(202) 898-5800 (phone)
(202) 682-1639 (facsimile)

*Counsel for Defendant General Electric
Company*

30