FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

2005 JAN 28  P 1: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
* * * * * * * * * * * * * * *   *
                                 *
TONINO ACETO,                    *
     Plaintiff,                  *
                                 *
vs.                              *        CIVIL ACTION
                                 *        No. 1:04-CV-12740-MEL
LINCOLN ELECTRIC COMPANY,        *
ET AL,                           *
     Defendants.                 *
                                 *
                                 *
* * * * * * * * * * * * * * *   *
```

### ANSWER AND JURY CLAIM OF THE DEFENDANT, MILLER ELECTRIC MANUFACTURING CO., INC., TO THE PLAINTIFF'S CLASS ACTION COMPLAINT

The defendant, Miller Electric Manufacturing Co., Inc. ("Miller Electric") in the above-captioned matter, hereby makes this its answer to the plaintiff's class action complaint.

### FIRST DEFENSE

**PARTIES**

1.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same.

2.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and calls upon the plaintiff to prove the same.

3.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and calls upon the plaintiff to prove the same.

4.   The defendant admits the allegations contained in paragraph 4.

5.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and calls upon the plaintiff to prove the same.

6.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and calls upon the plaintiff to prove the same.

7.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and calls upon the plaintiff to prove the same.

8.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and calls upon the plaintiff to prove the same.

9.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and calls upon the plaintiff to prove the same.

10.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and calls upon the plaintiff to prove the same.

11.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and calls upon the plaintiff to prove the same.

12.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and calls upon the plaintiff to prove the same.

13.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and calls upon the plaintiff to prove the same.

14.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the plaintiff to prove the same.

15.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and calls upon the plaintiff to prove the same.

16.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and calls upon the plaintiff to prove the same.

17.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the plaintiff to prove the same.

18.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and calls upon the plaintiff to prove the same.

19.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and calls upon the plaintiff to prove the same.

20.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and calls upon the plaintiff to prove the same.

21.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and calls upon the plaintiff to prove the same.

22.  The defendant admits the allegations contained in paragraph 22.

23.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and calls upon the plaintiff to prove the same.

24.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and calls upon the plaintiff to prove the same.

25.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 25 and calls upon the plaintiff to prove the same.

26.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and calls upon the plaintiff to prove the same.

## CLASS ALLEGATIONS

27.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and calls upon the plaintiff to prove the same.

28.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and calls upon the plaintiff to prove the same.

## FACTS

29.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and calls upon the plaintiff to prove the same.

30.   The defendant objects to this allegation on the grounds it is vague and ambiguous and indefinite.

31.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and calls upon the plaintiff to prove the same.

32.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and calls upon the plaintiff to prove the same.

33.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and calls upon the plaintiff to prove the same.

34.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and calls upon the plaintiff to prove the same.

35.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and calls upon the plaintiff to prove the same.

36.   The defendant denies the allegations contained in paragraph 36 directed to Miller Electric.

37.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and calls upon the plaintiff to prove the same.

38.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and calls upon the plaintiff to prove the same.

39.   The defendant denies the allegations contained in paragraph 39 directed to Miller Electric.

40.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and calls upon the plaintiff to prove the same.

41.   The defendant denies the allegations contained in paragraph 41.

42.   The defendant denies the allegations contained in paragraph 42 directed to Miller Electric.

43.   The defendant denies the allegations contained in paragraph 43 directed to Miller Electric.

44.   The defendant denies the allegations contained in paragraph 44 directed to Miller Electric.

45.   The defendant admits the allegations contained in paragraph 45.

46.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and calls upon the plaintiff to prove the same.

47.   The defendant denies the allegations contained in paragraph 47 directed to Miller Electric.

48.   The defendant denies the allegations contained in

paragraph 48 directed to Miller Electric.

49.  The defendant denies the allegations contained in paragraph 49, including subparts A through F, directed to Miller Electric.

50.  The defendant denies the allegations contained in paragraph 50 directed to Miller Electric.

51.  The defendant denies the allegations contained in paragraph 51 directed to Miller Electric.

52.  The defendant denies the allegations contained in paragraph 52 directed to Miller Electric.

53.  The defendant denies the allegations contained in paragraph 53 directed to Miller Electric.

54.  The defendant denies that a copy of the article or summary was received by Miller Electric.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 and calls upon the plaintiff to prove the same.

55.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and calls upon the plaintiff to prove the same.

56.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and calls upon the plaintiff to prove the same.

57.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and calls upon the plaintiff to prove the same.

58.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and calls upon the plaintiff to prove the same.

59.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and calls upon the plaintiff to prove the same.

60.  The defendant is presently without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and calls upon the plaintiff to prove the same.

61. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and calls upon the plaintiff to prove the same.

62. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and calls upon the plaintiff to prove the same.

63. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and calls upon the plaintiff to prove the same.

64. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and calls upon the plaintiff to prove the same.

65. The defendant objects to this paragraph on the grounds it contains opinions and speculation. Without waiving these objections, the defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and calls upon the plaintiff to prove the same.

66. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and calls upon the plaintiff to prove the same.

67. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and calls upon the plaintiff to prove the same.

68. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and calls upon the plaintiff to prove the same.

69. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and calls upon the plaintiff to prove the same.

70.   The defendant denies the allegations contained in paragraph 70 directed to Miller Electric.

71.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegation that in 1984, the chairperson of the AWS Safety and Health Committee admitted "manganese fumes can cause a disease quite similar to Parkinson's Disease after six months to two years of exposure", and calls upon the plaintiff to prove the same.   The defendant denies the remaining allegations contained in paragraph 71.

72.   The defendant denies the allegations contained in paragraph 72 directed to Miller Electric.

73.   The defendant denies the allegations contained in paragraph 73.

74.   The defendant denies the allegations contained in paragraph 74 directed to Miller Electric.

75.   The defendant denies the allegations contained in paragraph 75 directed to Miller Electric.

76.   The defendant denies the allegations contained in paragraph 76 directed to Miller Electric.

77.   The defendant denies the allegations contained in paragraph 77 directed to Miller Electric.

78.   The defendant denies the allegations contained in paragraph 78 directed to Miller Electric.

79.   The defendant denies the allegations contained in paragraph 79 directed to Miller Electric.

80.   The defendant denies the allegations contained in paragraph 80 directed to Miller Electric.

81.   The defendant denies the allegations contained in paragraph 81 directed to Miller Electric.

82.   The defendant denies the allegations contained in paragraph 82 directed to Miller Electric.

83.   The defendant denies the allegations contained in paragraph 83 directed to Miller Electric.

84. The defendant denies the allegations contained in paragraph 84 directed to Miller Electric.

85. The defendant denies the allegations contained in paragraph 85 directed to Miller Electric.

86. The defendant denies the allegations contained in paragraph 86 directed to Miller Electric.

87. The defendant denies the allegations contained in paragraph 87 directed to Miller Electric.

88. The defendant denies the allegations contained in paragraph 88 directed to Miller Electric.

89. The defendant denies the allegations contained in paragraph 89 directed to Miller Electric.

90. The defendant denies the allegations contained in paragraph 90 directed to Miller Electric.

91. The defendant denies the allegations contained in paragraph 91 directed to Miller Electric.

92. The defendant denies the allegations contained in paragraph 92 directed to Miller Electric.

93. The defendant denies the allegations contained in paragraph 93 directed to Miller Electric.

94. The defendant denies the allegations contained in paragraph 94 directed to Miller Electric.

95. The defendant denies the allegations contained in paragraph 95 directed to Miller Electric.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## FIRST CLAIM FOR RELIEF

96. The defendant incorporates herein by reference its answers to paragraphs 1 through 95 and makes them its answer to paragraph 96 of the First Claim.

97. The defendant objects to this allegation on the grounds it seeks a legal conclusion. Without waiving this objection, the defendant denies the allegations contained in paragraph 98 directed to Miller Electric.

98.   The defendant objects to this allegation on the grounds it seeks a legal conclusion.  Without waiving this objection, the defendant denies the allegations contained in paragraph 98 directed to Miller Electric.

99.   The defendant objects to this allegation on the grounds it seeks a legal conclusion.  Without waiving this objection, the defendant denies the allegations contained in paragraph 99 directed to Miller Electric.

100.   The defendant objects to this allegation on the grounds it seeks a legal conclusion.  Without waiving this objection, the defendant denies the allegations contained in paragraph 100 directed to Miller Electric.

101.   The defendant denies the allegations contained in paragraph 101 directed to Miller Electric.

102.   The defendant denies the allegations contained in paragraph 102 directed to Miller Electric.

103.   The defendant denies the allegations contained in paragraph 103 directed to Miller Electric.

104.   The defendant denies the allegations contained in paragraph 104 directed to Miller Electric.

105.   The defendant denies the allegations contained in paragraph 105 directed to Miller Electric.

106.   WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## SECOND CLAIM FOR RELIEF

107.   The defendant incorporates herein by reference its answers to paragraphs 1 through 106 and makes them its answer to paragraph 107 of the Second Claim.

108.   The defendant denies the allegations contained in paragraph 108 directed to Miller Electric.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 108 and calls upon the plaintiff to prove the same.

109.   The defendant denies the allegations contained in paragraph 109 directed to Miller Electric.

110.   The defendant objects to this allegation on the

grounds it seeks a legal conclusion. Without waiving this objection, the defendant denies the allegations contained in paragraph 110 directed to Miller Electric.

111. The defendant objects to this allegation on the grounds it seeks a legal conclusion. Without waiving this objection, the defendant denies the allegations contained in paragraph 111, including subparts A through D, directed to Miller Electric.

112. The defendant denies the allegations contained in paragraph 112 directed to Miller Electric.

113. The defendant denies the allegations contained in paragraph 113 directed to Miller Electric.

114. The defendant denies the allegations contained in paragraph 114 directed to Miller Electric.

115. The defendant denies the allegations contained in paragraph 115 directed to Miller Electric.

116. The defendant denies the allegations contained in paragraph 116 directed to Miller Electric.

117. WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## THIRD CLAIM FOR RELIEF

118. The defendant incorporates herein by reference its answers to paragraphs 1 through 117 and makes them its answer to paragraph 118 of the Third Claim.

119. The defendant objects to this allegation on the grounds it is vague and ambiguous. Without waiving this objection, the defendant denies the allegations contained in paragraph 119 directed to Miller Electric.

120. The defendant denies the allegations contained in paragraph 120 directed to Miller Electric.

121. The defendant denies the allegations contained in paragraph 121 directed to Miller Electric.

122. The defendant denies the allegations contained in paragraph 122, including subparts A through E, directed to Miller Electric.

123.    The defendant denies the allegations contained in paragraph 123 directed to Miller Electric.

124.    The defendant denies the allegations contained in paragraph 124 directed to Miller Electric.

125.    The defendant denies the allegations contained in paragraph 125 directed to Miller Electric.

126.    WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## DAMAGES

127.    The defendant denies the allegations contained in paragraph 127 directed to Miller Electric.

## MEDICAL MONITORING

128.    The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 and calls upon the plaintiff to prove the same.

129.    The defendant denies the allegations contained in paragraph 129 directed to Miller Electric.

130.    The defendant denies the allegations contained in paragraph 130 directed to Miller Electric.

131.    The defendant denies the allegations contained in paragraph 131.

132.    The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 and calls upon the plaintiff to prove the same.

133.    The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 and calls upon the plaintiff to prove the same.

## FOURTH CLAIM FOR RELIEF

134.    The defendant incorporates herein by reference its answers to paragraphs 1 through 133 and makes them its answer to paragraph 134 of the Fourth Claim.

135. The defendant denies the allegations contained in paragraph 135 directed to Miller Electric.

136. WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## FIFTH CLAIM FOR RELIEF

137. The defendant incorporates herein by reference its answers to paragraphs 1 through 136 and makes them its answer to paragraph 137 of the Fifth Claim.

138. The defendant objects to this allegation on the grounds it seeks a legal conclusion. Without waiving this objection, the defendant denies the allegations contained in paragraph 138 directed to Miller Electric.

139. The defendant objects to this allegation on the grounds it seeks a legal conclusion. Without waiving this objection, the defendant denies the allegations contained in paragraph 139 directed to Miller Electric.

140. The defendant denies the allegations contained in paragraph 140 directed to Miller Electric.

141. The defendant objects to this allegation on the grounds it seeks a legal conclusion. Without waiving this objection, the defendant denies the allegations contained in paragraph 141 directed to Miller Electric.

142. The defendant denies the allegations contained in paragraph 142 directed to Miller Electric.

143. defendant denies the allegations contained in paragraph 143 directed to Miller Electric.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## SIXTH CLAIM FOR RELIEF

144. The defendant incorporates herein by reference its answers to paragraphs 1 through 143 and makes them its answer to paragraph 144 of the Sixth Claim.

145. The defendant objects to this allegation on the grounds it is vague and ambiguous. Without waiving this objection, the defendant denies the allegations contained in

paragraph 145 directed to Miller Electric.

146. The defendant denies the allegations contained in paragraph 146 directed to Miller Electric.

147. The defendant denies the allegations contained in paragraph 147 directed to Miller Electric.

148. The defendant denies the allegations contained in paragraph 148, including subparts A through F, directed to Miller Electric.

149. The defendant denies the allegations contained in paragraph 149 directed to Miller Electric.

150. The defendant denies the allegations contained in paragraph 150 directed to Miller Electric.

151. The defendant denies the allegations contained in paragraph 151 directed to Miller Electric.

152. WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

**SEVENTH CLAIM FOR RELIEF**

153. The defendant incorporates herein by reference its answers to paragraphs 1 through 152 and makes them its answer to paragraph 153 of the Seventh Claim.

154. The defendant denies the allegations contained in paragraph 154 directed to Miller Electric.

155. The defendant denies the allegations contained in paragraph 155 directed to Miller Electric.

156. The defendant denies the allegations contained in paragraph 156 directed to Miller Electric.

157. The defendant objects to this allegation on the grounds it seeks a legal conclusion. Without waiving this objection, the defendant denies the allegations contained in paragraph 157 directed to Miller Electric.

158. The defendant denies the allegations contained in paragraph 158 directed to Miller Electric.

159.   The defendant denies the allegations contained in paragraph 159, including subparts A through G, directed to Miller Electric.

160.   The defendant denies the allegations contained in paragraph 160 directed to Miller Electric.

161.   The defendant denies the allegations contained in paragraph 161 directed to Miller Electric.

162.   WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## EIGHTH CLAIM FOR RELIEF

163.   The defendant incorporates herein by reference its answers to paragraphs 1 through 162 and makes them its answer to paragraph 163 of the Eighth Claim.

164.   The defendant denies the allegations contained in paragraph 164 directed to Miller Electric.

165.   The defendant denies the allegations contained in paragraph 165 directed to Miller Electric.

166.   The defendant denies the allegations contained in paragraph 166 directed to Miller Electric.

167.   WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## NINTH CLAIM FOR RELIEF

168.   The defendant incorporates herein by reference its answers to paragraphs 1 through 167 and makes them its answer to paragraph 168 of the Ninth Claim.

169.   The defendant denies the allegations contained in paragraph 169 directed to Miller Electric.

170.   The defendant denies the allegations contained in paragraph 170 directed to Miller Electric.

171.   The defendant denies the allegations contained in paragraph 171 directed to Miller Electric.

172.   The defendant denies the allegations contained in paragraph 172 directed to Miller Electric.

173. The defendant denies the allegations contained in paragraph 173 directed to Miller Electric.

174. The defendant denies the allegations contained in paragraph 174 directed to Miller Electric.

175. The defendant denies the allegations contained in paragraph 175 directed to Miller Electric.

176. The defendant denies the allegations contained in paragraph 176 directed to Miller Electric.

177. The defendant denies the allegations contained in paragraph 177 directed to Miller Electric.

178. The defendant denies the allegations contained in paragraph 178 directed to Miller Electric.

179. WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

180. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180, including subparts A through F, and calls upon the plaintiff to prove the same.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

### SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

### THIRD DEFENSE

And further answering, the defendant says that if the plaintiff proves that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and is barred from recovery under the theory of Comparative Negligence.

### FOURTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FIFTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendant was thereby prejudiced, wherefore the plaintiff is barred from recovery.

## SIXTH DEFENSE

And further answering, the defendant says that no notice of the alleged breaches of warranties was given the defendant as required by law, and the defendant was thereby prejudiced.

## SEVENTH DEFENSE

And further answering, the defendant says that it has performed and fulfilled all promises and obligations arising under all applicable warranties of merchantability, and that therefore the plaintiff is barred from recovery.

## EIGHTH DEFENSE

And further answering, the defendant says that it denies liability for any implied warranty of merchantability, since all goods sold by the defendant were fit for the ordinary purposes for which such goods are used.

## NINTH DEFENSE

And further answering, the defendant says that the plaintiff is barred from any recovery because the plaintiff's injuries and/or damages were caused by an unforeseeable misuse of the product.

## TENTH DEFENSE

And further answering, the defendant says that if the plaintiff can prove that the product was defective and dangerous as alleged, then plaintiff unreasonably proceeded to use a product which he knew to be defective and dangerous, and that conduct was a cause of his injury and/or damage, and he is therefore barred from recovery.

## ELEVENTH DEFENSE

And further answering, the defendant says that the plaintiff has failed to comply with the notice requirements of General Laws

Chapter 93A, Section 9, wherefore the plaintiff is barred from
recovery.

TWELFTH DEFENSE

Further answering, the defendant says that the

be dismissed pursuant to Fed. R.

claim upon which relief

pursuant



Chapter 93A, Section 9, wherefore the plaintiff is barred from recovery.

## TWELFTH DEFENSE

And further answering, the defendant says that the plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff claims relief pursuant to M.G.L. Chapter 93A.

## THIRTEENTH DEFENSE

And further answering, the defendant says that the plaintiff's complaint should be dismissed for lack of jurisdiction based upon the plaintiff's failure to serve a proper demand letter pursuant to M.G.L. Chapter 93A.

## FOURTEENTH DEFENSE

And further answering, the defendant says that it did not engage in any unfair or deceptive act or practice, and that therefore the plaintiff is barred from recovery.

## FIFTEENTH DEFENSE

And further answering, the defendant says that it provided the plaintiff with adequate warnings regarding the product and its usage, and that therefore the plaintiff is barred from recovery.

## SIXTEENTH DEFENSE

And further answering, the defendant states that it had no duty to warn about risks which were not reasonably foreseeable at the time of the sale and which could not have been discovered by way of reasonable testing prior to marketing the product.

## SEVENTEENTH DEFENSE

And further answering, the defendant says that its refusal to grant the plaintiff's requested relief was not made in bad faith, and that therefore such refusal was not made with knowledge or reason to know that the acts or practices the plaintiff complains of violated any law.

## EIGHTEENTH DEFENSE

And further answering, the defendant says that if the plaintiff proves that the defendant was involved in any of the

transactions alleged in the plaintiff's complaint, the defendant acted in good faith at all times with respect to those transactions, and the plaintiff is therefore barred from recovery.

### NINETEENTH DEFENSE

And further answering, the defendant says that the products, if any, of the defendant were in conformity with the state-of-the-art at the relevant times involved.

### TWENTIETH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff claims strict liability.

### TWENTY-FIRST DEFENSE

And further answering, the defendant says that the plaintiff's injuries did not result from his exposure to, or use of, any product manufactured, distributed or sold by Miller Electric.

### TWENTY-SECOND DEFENSE

And further answering, the defendant says that the plaintiff's employers were sophisticated employers charged with the duty to warn of any danger incident to use, exposure or installation of products provided by such employers. Plaintiff's employers were learned intermediaries charged with the duty to furnish plaintiff with a reasonably safe place within which to work, including all necessary and adequate warnings and safety appliances, and if plaintiff received any injury or suffered any damage from working with any product manufactured, distributed or sold by Miller Electric, the failure of plaintiff's employers to discharge their duties was the sole proximate cause of any such injury or damage, if any, or, in the alternate, was such an intervening cause as to relieve Miller Electric from any liability.

### TWENTY-THIRD DEFENSE

And further answering, the defendant says that the injuries of which plaintiff complains are due solely, or in substantial part, to disease and other causes that are not related to or connected with any product manufactured, distributed or sold by Miller Electric.

### TWENTY-FOURTH DEFENSE

And further answering, the defendant says that the plaintiff's claims are preempted by state and federal law relating to the use and labeling of welding products.

### TWENTY-FIFTH DEFENSE

And further answering, the defendant says that the plaintiff's failure to warn claim is pre-empted by the Federal Hazard Communication Standard and OSHA, 29 USC §667(a), 29 CFR § 1920.1200(a)(2) and 29 CFR § 1910.252, *et seq.*

### TWENTY-SIXTH DEFENSE

And further answering, the defendant says that any product manufactured, distributed or sold by Miller Electric to which plaintiff was exposed was neither defective nor unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

### TWENTY-SEVENTH DEFENSE

And further answering, the defendant says that the plaintiff's exposure to any product manufactured, distributed or sold by Miller Electric was so minimal as to be insufficient to establish to a reasonable degree of probability that Miller Electric's product substantially factored in or was the proximate cause of the plaintiff's alleged injuries.

### TWENTY-EIGHTH DEFENSE

And further answering, the defendant says that liability may not be imposed on Miller Electric because any products manufactured, distributed or sold by Miller Electric to which plaintiff was exposed were changed, altered, or modified after they left Miller Electric's control, or were otherwise not in substantially the same condition as when they left Miller Electric's hands.

### TWENTY-NINTH DEFENSE

And further answering, the defendant says that the plaintiff's allegations fail to state with particularity the circumstances allegedly constituting fraud by Miller Electric, as required by the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

And further answering, the defendant says that the plaintiff's allegations are improperly vague and ambiguous. As such, Miller Electric reserves the right to seek more definite allegations from plaintiff and to amend its answer.

## THIRTY-FIRST DEFENSE

And further answering, the defendant says that the plaintiff's claims are barred by applicable statutes of limitations, the doctrine of laches, unclean hands, waiver and/or estoppel.

## THIRTY-SECOND DEFENSE

And further answering, the defendant says that the plaintiff failed to mitigate his damages, if any.

## THIRTY-THIRD DEFENSE

And further answering, the defendant says that the plaintiff's claims are barred, in whole or in part, due to a lack of personal and/or subject matter jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and/or failure to join a necessary party.

## THIRTY-FOURTH DEFENSE

And further answering, the defendant says that any damages awarded in this action are subject to set-off, settlement credit, reduction for contributory negligence, and, to the extent applicable, apportionment.

## THIRTY-FIFTH DEFENSE

And further answering, Miller Electric incorporates all defenses available to a product manufacturer, distributor or seller, as recognized by common law, including, but not limited to, assumption of the risk, open and obvious danger, and the learned intermediary doctrine.

## THIRTY-SIXTH DEFENSE

And further answering, Miller Electric asserts and hereby incorporates by reference all affirmative defenses made by any of the other defendants in this action, that are not inconsistent with Miller Electric's defenses, when and where applicable to the circumstances herein. Miller Electric specifically reserves the

right to raise additional affirmative defenses as may become available through investigation and discovery.

<u>JURY CLAIM</u>

THE DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorney,

Robert T. Treat
BBO #548530
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

Date:  <u>January 27, 2005</u>

I hereby certify that I have made service
of the foregoing document in accordance
with the provisions of Fed R. Civ. P 5.